UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
NO. 1:25-CV-00204-MOC

JAMIE CHRISTOPHER MCKINNEY,
    Plaintiff,

v.

FNU DALE, et al.,
    Defendants.

**ANSWER**
**(Jury Trial Demanded)**

NOW COMES Martin Frady and Daniel Dale ("Defendants"), by and through Undersigned Counsel, answering Plaintiff's Complaint as follows:

### FIRST DEFENSE – ANSWER

Except as specifically admitted herein, Defendants deny all allegations and request for relief in Plaintiff's Complaint. Otherwise, Defendants respond as follows to Sections of the Complaint:

#### Parties to This Complaint

It is admitted that Plaintiff is an incarcerated inmate in the custody of NCDAC with an ID Number of 1746957.

It is admitted that Defendants are/were employees of North Carolina Department of Correction ("NCDAC"), as correctional officers. Except as admitted herein, denied.

#### Basis of Jurisdiction

It is admitted that Plaintiff purports to bring claims under § 1983, but all such claims and demands for relief are denied. Except as admitted herein, the remaining allegations are denied.

#### Prisoner Status

It is admitted that Plaintiff is a convicted and sentenced state prisoner.

### Statement of Claim

It is admitted that, on or around June 11, 2025, at Mountain View Correctional Institution ("Mountain View"), Plaintiff was transported to the hospital for injuries. Except as admitted herein, Defendants either deny the remaining allegations or lack sufficient information to admit or deny the remaining allegations; regardless, the remaining allegations are denied.

### Injuries

It is denied that Plaintiff suffered any injury as a result of any misconduct by the Defendants.

### Administrative Remedies

It is admitted that Plaintiff submitted a grievance and received a Step Three response, which documents shall speak for themselves and require no response. Except as admitted herein, denied.

### Relief

It is denied that Plaintiff is entitled to any relief.

### Previous Lawsuits

Defendants are currently without sufficient information to admit or deny the allegations contained herein, and therefore, they are denied.

### **SECOND DEFENSE – SOVEREIGN IMMUNITY**

To the extent Plaintiff seeks to recover money damages from Answering Defendants in their official capacity, the immunity provided by the Eleventh Amendment to the United States Constitution and sovereign immunity bar the recovery of such damages. The State of North Carolina has not consented to suit or otherwise waived such immunity.

## THIRD DEFENSE- QUALIFIED IMMUNITY

Plaintiff's claims are barred by qualified immunity because Defendants did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known.

## FOURTH DEFENSE – PUBLIC OFFICIAL IMMUNITY

Any common law claims asserted by Plaintiff are barred by public official immunity in that Defendants did not act with malice, corruption, or otherwise the scope of their authority.

## FIFTH DEFENSE – FAILURE TO STATE A CLAIM

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff fails to state a claim upon which relief can be granted, and Defendants plead this failure in bar of Plaintiff's claims against them. The Amended Complaint, construed in the light most favorable to Plaintiff, as a matter of law, does not allege facts sufficient to support a finding that Defendants violated Plaintiff's rights under the Constitution or federal law. Lastly, the Complaint, construed in the light most favorable to Plaintiff, as a matter of law, does not allege facts sufficient to state any other legally cognizable claims.

## SIXTH DEFENSE – NO PROXIMATE CAUSE

Defendants' conduct was at all times in accordance with the applicable standards of care and no alleged act or alleged failure to act was the proximate cause of any injury to Plaintiff.

## SEVENTH DEFENSE – ASSUMPTION OF RISK

To the extent it is determined that Plaintiff knew of a condition inconsistent with his safety and voluntarily chose to be exposed to that condition, resulting in his injury, then Defendants plead Plaintiff's assumption of risk as a complete bar.

## EIGHTH DEFENSE – FAILURE TO MITIGATE DAMAGES

To the extent it is determined that Plaintiff failed to mitigate his damages, Defendants plead such failure as a bar to Plaintiff's claims, or alternatively, as an offset to Plaintiff's alleged damages.

## NINTH DEFENSE – NO PUNITIVE DAMAGES

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages against Defendants, and Defendants plead such failure in bar of any such recovery. Specifically, Plaintiff's Complaint fails to allege specific facts sufficient to make out the level of intentional conduct, reckless disregard of injury, or evil motive/intent by Defendants required to support a claim for punitive damages.

## TENTH DEFENSE- SUPERSEDING CAUSE

To the extent it is determined that the actions or omissions of any other person(s) (including Plaintiff) was a proximate cause of injury to Plaintiff and thereby interrupted the casual relationship between any alleged (but denied) wrongful actions of Defendants with respect to the alleged injury to Plaintiff, Defendants plead such intervening and superseding actions as a complete bar against any recovery by Plaintiff from Defendants in this matter. \

## RESERVATIONS OF RIGHTS

Without waiving any other defenses or immunities asserted herein, Defendant asserts any and all other legal or equitable defenses and/or immunities that currently exist and/or may be discovered hereinafter.

## PRAYER FOR RELIEF

WHEREFORE, Defendants hereby pray the Court as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;
2. That Plaintiff have and recover nothing from Defendants;
3. That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff;
4. For a trial by jury on all issues so triable; and
5. For such other and further relief as the Court deems just and proper.

Respectfully submitted this the 21st day of November, 2025.

JEFF JACKSON
ATTORNEY GENERAL

/s/ Jadae K. Bridges
Jadae K. Bridges
Assistant Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6907
Facsimilie: (919) 716-6761
jbridges@ncdoj.gov
State Bar No. 59766
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that I will cause the foregoing document to be served on all non-CM/ECF participant(s) by U.S. Mail, postage prepaid, addressed as follows:

**Jamie Christopher McKinney**
OPUS No. 1746957
Foothills Correctional Institution
5150 Western Avenue
Morganton, NC 28655
*Pro Se Plaintiff*

This the 21st day of November, 2025.

/s/ Jadae K. Bridges
Jadae K. Bridges
Assistant Attorney General